**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT FRANJESH, | ) | |
| | ) | CASE NO.  5:11-cv-01526 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Robert Franjesh ("Franjesh") challenges the final decision of the Commissioner of Social Security, Michael J. Astrue ("Commissioner"), denying Franjesh's claim for a Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, 1381 *et seq*.  This matter is before the Court pursuant to 42 U.S.C. § 405(g) and the consent of the parties entered under the authority of 28 U.S.C. § 636(c)(2).

For the reasons set forth below, the final decision of the Commissioner is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

**I.  Procedural History**

On October 10, 2006, Franjesh filed an application for POD, DIB, and SSI alleging a

disability onset date of November 1, 2004.  His application was denied both initially and upon reconsideration.  Franjesh timely requested an administrative hearing.

On January 25, 2010, an Administrative Law Judge ("ALJ") held a hearing during which Franjesh, represented by counsel, testified.  Brett L. Salkin testified as an impartial vocational expert ("VE").  On April 27, 2010, the ALJ found Franjesh was able to perform a significant number of jobs in the national economy and, therefore, was not disabled.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review.

## II.  Evidence

### *Personal and Vocational Evidence*

Age forty-two (42) at the time of his administrative hearing, Franjesh is a "younger" person under social security regulations.  *See* 20 C.F.R. §§ 404.1563(c) & 416.963(c).  Franjesh has a high school education and past relevant work as an apartment building maintenance worker, self-employed livestock buyer, pipe fitter, locker room attendant, and glass installer. (Tr. 56.)

### *Hearing Testimony*

At the hearing, Franjesh testified as follows:

- He last worked on a sustained basis in 1997 at an animal hospital, but stopped after suffering his second heart attack.  (Tr. 16-17.)

- He was under the care of a cardiologist and was prescribed several medications for his heart condition.  (Tr. 17-18.)  His cardiologist discouraged him from lifting weights and recommended that he apply for disability.  (Tr. 18.)

- His heart condition causes him to retain water and his ankles to swell, especially when standing for a longer time.  He also experiences shortness of breath from walking a city block.  (Tr. 19-20.)  His doctor told him that his heart condition was neither improving nor getting worse.  (Tr. 20.)

- He suffers from depression.  (Tr. 22.)  He was prescribed Prozac, but was not sure if it helped.  (Tr. 23.)

- He interacts with family and friends, and attends Alcoholics Anonymous meetings.  (Tr. 23.)

- He has difficulty concentrating and forgets things he has read.  (Tr. 23-24.)  He is unable to watch television programs or an hour and a half movie.  (Tr. 24.)

- He attends church and goes fishing.  (Tr. 24-25.)

- He does not like being around crowds.  He is moody and concerned about providing for his family.  (Tr. 25-26.)

- He sees a therapist at Portage Path once every two weeks.  (Tr. 26.)

- When asked if he could do a sit down job, he replied, "I'd like to say yes, I have no idea."  (Tr. 27.)  When his counsel asked if he would be able to attend a low stress, low impact job on a daily basis, he replied, "I would try."  (Tr. 28.)

The ALJ posed the following hypothetical to the VE:

Let me present a varied hypothetical worker to you.  Subset of the worker is 42-years-old, high school education, I'm going to say the training 15 years ago is probably not currently relevant so no currently relevant training.  Exertion, this hypothetical worker can do a range of sedentary work.  And specifically what I mean is the hypothetical worker can ... stand or walk for a total of two hours during an eight-hour day, can sit for six hours during an eight-hour day.  Lift, carry, push or pull a maximum of 10 pounds.  The hypothetical worker is further limited in that he's precluded from using ladders, ropes and scaffolds.  He must avoid concentrated exposure to temperature extremes by which I mean temperatures in excess of 85 degrees or less than 32 degrees Fahrenheit.  And he is limited to simple, routine, low stress tasks where there is no more than superficial interaction with supervisors, coworkers and the public and where there's no requirement for arbitration, negotiation, confrontation, directing the work of others or being responsible for the safety of others.

(Tr. 33-34.)

The VE testified that the hypothetical worker could not perform Franjesh's past relevant work.  (Tr. 34.)  He also determined that none of Franjesh's skills would transfer to work the hypothetical person could perform.  *Id.*  However, the VE identified the following jobs that the

3

hypothetical person could perform: telemarketer, food and beverage clerk, ticket seller.  (Tr. 34-35.)

### III.  Standard for Disability

In order to establish entitlement to DIB under the Act, a claimant must be insured at the time of disability and must prove an inability to engage "in substantial gainful activity by reason of any medically determinable physical or mental impairment," or combination of impairments, that can be expected to "result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. §§ 404.130, 404.315 and 404.1505(a).[1]

A claimant is entitled to a POD only if: (1) he had a disability; (2) he was insured when he became disabled; and (3) he filed while he was disabled or within twelve months of the date the disability ended.  42 U.S.C. § 416(i)(2)(E); 20 C.F.R. § 404.320.

Franjesh was insured on his alleged disability onset date, November 1, 2004, and remained insured through March 31, 2006.  (Tr. 48.)  Therefore, in order to be entitled to POD and DIB, Franjesh must establish a continuous twelve month period of disability commencing between those dates.  Any discontinuity in the twelve month period precludes an entitlement to

---

[1] The entire process entails a five-step analysis as follows: First, the claimant must not be engaged in "substantial gainful activity."  Second, the claimant must suffer from a "severe impairment."  A "severe impairment" is one which "significantly limits ... physical or mental ability to do basic work activities."  Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment, or combination of impairments, meets a required listing under 20 C.F.R. § 404, Subpt. P, App. 1, the claimant is presumed to be disabled regardless of age, education or work experience. 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000).  Fourth, if the claimant's impairment does not prevent the performance of past relevant work, the claimant is not disabled.  For the fifth and final step, even though the claimant's impairment does prevent performance of past relevant work, if other work exists in the national economy that can be performed, the claimant is not disabled.  *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

benefits.  *See Mullis v. Bowen,* 861 F.2d 991, 994 (6th Cir. 1988); *Henry v. Gardner*, 381 F. 2d

191, 195 (6th Cir. 1967).

A claimant may also be entitled to receive SSI benefits when he establishes disability

within the meaning of the Act.  20 C.F.R. § 416.905; *Kirk v. Sec'y of Health & Human Servs.,*

667 F.2d 524 (6th Cir. 1981).  To receive SSI benefits, a claimant must meet certain income and

resource limitations.  20 C.F.R. §§ 416.1100 and 416.1201.

### IV.  Summary of Commissioner's Decision

The ALJ found Franjesh established medically determinable, severe impairments, due to

coronary artery disease after an angioplasty, depressive disorder, personality disorder, and

alcohol dependence in reported remission.  (Tr. 48.)  However, his impairments, either singularly

or in combination, did not meet or equal one listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

Franjesh was found incapable of performing his past relevant work, and was determined to have

a Residual Functional Capacity ("RFC") for a limited range of sedentary work.  The ALJ then

used the Medical Vocational Guidelines ("the grid") as a framework and VE testimony to

determine that Franjesh is not disabled.

### V.  Standard of Review

This Court's review is limited to determining whether there is substantial evidence in the

record to support the ALJ's findings of fact and whether the correct legal standards were applied.

*See Elam v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003) ("decision must be affirmed

if the administrative law judge's findings and inferences are reasonably drawn from the record or

supported by substantial evidence, even if that evidence could support a contrary decision.");

*Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983).  Substantial evidence has been

defined as "[e]vidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Richardson v. Perales*, 402 U.S. 389 (1971).

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  *Buxton v. Halter*, 246 F.3d 762, 772-3 (6th Cir. 2001) (*citing Mullen*, 800 F.2d 535, 545 (6th Cir. 1986)); *see also Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) ("Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached.  *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997).")  This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.  *Mullen*, 800 F.2d at 545 (*citing Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations or failure to provide the reviewing court with a sufficient basis to determine that the Commissioner applied the correct legal standards are grounds for reversal where such failure prejudices a claimant on the merits or deprives a claimant of a substantial right. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

## VI. Analysis

In his sole assignment of error, Franjesh asserts that the ALJ's assessment of his RFC is not supported by substantial evidence. (ECF No. 16.) However, reading his argument as a whole, the essence of Franjesh's claim appears to be that the ALJ failed to accord appropriate weight to the opinion of his treating psychiatrist – Scott Schmitt, M.D. *Id.* at 8-13.

Under Social Security regulations, the opinion of a treating physician is entitled to controlling weight if such opinion (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) "is not inconsistent with the other substantial evidence in [the] case record." *Meece v. Barnhart*, 192 F. App'x 456, 560 (6th Cir. 2006) (*quoting* 20 C.F.R. § 404.1527(d)(2)). "[A] finding that a treating source medical opinion . . . is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399 (6th Cir. 2009) (*quoting* Soc. Sec. Rul. 96-2p, 1996 SSR LEXIS 9 at \*9); *Meece*, 192 Fed. App'x at 460-61 (Even if not entitled to controlling weight, the opinion of a treating physician is generally entitled to more weight than other medical opinions.) Furthermore, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Blakley*, 581 F.3d at 408.

Nonetheless, the opinion of a treating physician must be based on sufficient medical data, and upon detailed clinical and diagnostic test evidence. *See Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); *Blakley*, 581 F.3d at 406 ("It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory

diagnostic techniques or if it is inconsistent with other substantial evidence in the case record.")

(*quoting* SSR 96-2p).

On January 20, 2010, Dr. Schmitt, Franjesh's treating psychiatrist, completed a Mental

RFC form.  (Tr. 504.)  In the section concerning the mental abilities and aptitude needed to do

unskilled work, Dr. Schmitt indicated that Franjesh had poor or no ability to function in the

following areas: maintaining attention for two hour segments, maintaining regular attendance

and punctuality within customary tolerances, sustaining an ordinary routine without special

supervision, working in coordination with or proximity to others without being unduly

distracted, completing a normal workday and workweek without interruptions from

psychologically based symptoms, performing at a consistent pace without an unreasonable

number and length of rest periods, and dealing with normal work stress.[2]  *Id.*  Conversely,

Franjesh had good abilities to understand, remember, and carry out short, simple instructions;

make simple work-related decisions; and, ask simple questions or request assistance.  *Id.*  He had

fair abilities to remember work-like procedures, accept instructions and respond appropriately to

criticism from supervisors, get along with co-workers or peers without exhibiting behavioral

extremes, respond appropriately to changes in the work setting, and take appropriate precautions

around normal hazards.  Dr. Schmitt explained that Franjesh continued to have problems with

mood, depression, difficulty with attention and concentration, and a low stress and frustration

tolerance.  (Tr. 505.)  In addition, Dr. Schmitt opined that Franjesh continued to have problems

with memory, distractibility, impulse control, and interpersonal effectiveness.  *Id.*  Dr. Schmitt

---

[2]  With respect to the abilities needed to do skilled or semi-skilled work, Dr. Schmitt opined
that Franjesh had poor to no ability to understand, remember, and carry out detailed
instructions.  (Tr. 505.)  In addition, he had poor to no ability to use public transportation.  *Id.*

indicated that Plaintiff would be absent from work more than three times a month (Tr. 506).

The ALJ, when crafting his RFC, made specific mention of Dr. Schmitt's mental RFC assessment.  (Tr. 55.)  Though there appears to be a typographical error in his discussion, reading the opinion as a whole, it can only reasonably be construed that the ALJ acknowledged that Franjesh would be unable to perform even unskilled work if the limitations contained in Dr. Schmitt's mental RFC evaluation were fully credited.  *Id*.  The ALJ, nonetheless, opined that Dr. Schmitt's opinion was not entitled to any special significance because it concerned Franjesh's RFC and/or disability status.  *Id*.  It is true that an ALJ is not bound by conclusory statements of a treating physician maintaining a claimant is disabled.  *King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855 (6th Cir. 1986); *Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir.1984).[3]  "Opinions on some issues, such as [opinions that you are disabled or your residual functional capacity], are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case ..."  20 C.F.R. § 404.1527(e).

Here, however, the ALJ did not simply reject an opinion as to whether Franjesh was disabled or an RFC statement.  All of the serious mental restrictions that Dr. Schmitt believed applied to Franjesh were also rejected.  Although the ALJ was not required to accept the

---

[3]  According to 20 C.F.R. § 404.1527(e)(1), the Social Security Commissioner makes the determination whether a claimant meets the statutory definition of disability.  This necessarily includes a review of all the medical findings and other evidence that support a medical source's statement that one is disabled.  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  *Id*.

restrictions found by Dr. Schmitt, he was required to articulate a reason for rejecting them.[4]

The ALJ further found that Dr. Schmitt's opinion was not entitled to "any probative weight."  (Tr. 55.)  The ALJ asserted that the opinion was "not supported by objective or subjective evidence in the Portage Path records independently or contained elsewhere in the record.  Moreover, it is not supported by the other longitudinal opinion evidence in the record."  (Tr. 55.)  Though his explanation is rather conclusory, the ALJ clearly did not believe that Dr. Schmitt's opinion was well-supported or consistent with the evidence of record.  However, pursuant to 20 C.F.R. § 404.1527(d)(2), when not assigning controlling weight to a treating physician's opinion, the Commissioner should consider the length of the relationship and frequency of examination, the nature and extent of the treatment relationship, how well-supported the opinion is by medical signs and laboratory findings, its consistency with the record as a whole, the treating source's specialization, the source's familiarity with the Social Security program and understanding of its evidentiary requirements, and the extent to which the source is familiar with other information in the case record relevant to the decision.  Herein, the ALJ did not consider any of these factors save for whether the limitations found by Dr. Schmitt were well-supported by medical signs and laboratory findings.  Even that consideration was poorly explained, and the Court cannot discern how the Portage Path records or other records were inconsistent with Dr. Schmitt's opinion.[5]   As explained by a recent decision of the Sixth

---

[4]  While certain medical opinions, if accepted, may impact a claimant's RFC – even to the point of being dispositive, the medical opinion is not thereby transformed into an RFC opinion that may be ignored.

[5]  Immediately after rejecting Dr. Schmitt's opinion, the ALJ discusses the opinions of consultative examining physicians.  (Tr. 55.)  To the extent Dr. Schmitt's opinion may have been rejected based solely on its inconsistency with their opinions, such an action would be

10

Circuit:

> Importantly, the Commissioner imposes on its decision makers a clear duty to
> "always give good reasons in our notice of determination or decision for the
> weight we give [a] treating source's opinion." 20 C.F.R. §404.1527(d)(2).  Those
> good reasons must be "supported by the evidence in the case record, and must be
> sufficiently specific to make clear to any subsequent reviewers the weight the
> adjudicator gave to the treating source's medical opinion and the reasons for that
> weight." Soc. Sec. Rul. No. 96-2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin.
> July 2, 1996).  This requirement is not simply a formality; it is to safeguard the
> claimant's procedural rights.  It is intended "to let claimants understand the
> disposition of their cases, particularly in situations where a claimant knows that
> his physician has deemed him disabled and therefore might be especially
> bewildered when told by an administrative bureaucracy that []he is not." *Wilson*,
> 378 F.3d at 544.  Significantly, the requirement safeguards a reviewing court's
> time, as it "permits meaningful" and efficient "review of the ALJ's application of
> the [treating physician] rule." *Id*. at 544-45.

*Cole v. Astrue*, 661 F.3d 931, 937-938 (6ᵗʰ Cir. 2011); *see also Cross v. Comm'r of Soc. Sec.*, 373

F. Supp. 2d 724, 731 (N.D. Ohio 2005).  While the ALJ is not bound to ascribe controlling or

great weight to Dr. Schmitt's opinion, his reasons for declining to do so must comply with

applicable federal regulations and the Social Security Administration's own procedures.  *Sarchet*

*v. Chater*, 78 F.3d 305, 307 (7ᵗʰ Cir. 1996) ("We cannot uphold a decision by an administrative

agency … if, while there is enough evidence in the record to support the decision, the reasons

given by the trier of fact do not build an accurate and logical bridge between the evidence and

---

inappropriate.  To do so would turn the treating physician rule on its head.  It is well
established that the opinions of non-examining physicians carry little weight when they are
contrary to the opinion of a treating physician. *See, e.g., Shelman v. Heckler*, 821 F.2d 316,
321 (6ᵗʰ Cir. 1987) (finding that the opinion of a non-examining physician "cannot provide a
sufficient basis for rejecting the opinions of plaintiff's treating physicians") (*citing Broughton
v. Heckler*, 776 F.2d 960, 962 (11ᵗʰ Cir. 1985) (*per curiam*); *Fife v. Heckler*, 767 F.2d 1427,
1431 (9ᵗʰ Cir. 1985) ("If the ALJ wishes to disregard the opinion of the treating physician, he
must make findings setting forth specific, legitimate reasons for doing so that are based on
substantial evidence in the record, even where the treating physician's opinion is controverted
by the Secretary's consultant.")

the result.")  The ALJ's cursory explanation of his reasons for rejecting Dr. Schmitt's opinion

deprives this Court of meaningful review.  Therefore, this matter must be remanded for a

decision that adequately explains the weight accorded to the various medical sources of record in

compliance with 20 C.F.R. § 404.1527.

## VII.  Decision

For the foregoing reasons, the Court finds the decision of the Commissioner not supported

by substantial evidence.  Accordingly, the decision of the Commissioner is VACATED and the

case is REMANDED, pursuant to 42 U.S.C. § 405(g) sentence four, for further proceedings

consistent with this opinion.

IT IS SO ORDERED.


/s/ Greg White
U.S. Magistrate Judge

Date: May 16 , 2012.